UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM INGRAM, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-1002-LJM-MJD |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant
to 28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I. The ' 2255 Motion**

For the reasons explained in this Entry, the amended motion of William Ingram for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

Ingram's amended motion to vacate filed on July 21, 2014, challenges his conviction in No. 1:04-cr-0201-LJM-KPF-01. The motion is before the Court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Courts.*

On April 19, 2005, a jury found Ingram guilty of firearms offenses and conspiracy to distribute cocaine in No. 1:04-cr-0201-LJM-KPF-01. Judgment was entered on August 10, 2005. Ingram appealed his conviction and sentence to the Seventh Circuit. The Seventh Circuit affirmed. *United States v. Emerson,* 501 F.3d 804 (7th Cir. 2007).

On September 15, 2008, Ingram filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, asserting the ineffective assistance of counsel and other claims. This

Court denied the § 2255 motion on the merits on March 12, 2013, and denied a certificate of appealability. *Ingram v. United States,* No. 1:08-cv-1280-LJM-DKL (S.D. Ind. March 12, 2013).

On January 31, 2011, Ingram filed another § 2255 motion in 1:11-cv-146-LJM-TAB. The action was dismissed without prejudice because Ingram's first § 2255 motion was still pending. *Ingram v. United States,* No. 1:11-cv-146-LJM-TAB (S.D. Ind. Feb. 11, 2011).

On June 16, 2014, Ingram filed this, a successive § 2255 motion, and filed an amended motion on July 21, 2014. "Under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), prisoners are entitled to a *single* unencumbered opportunity to pursue collateral review." *Vitrano v. United States,* 643 F.3d 229, 233 (7th Cir. 2011) (emphasis added). The AEDPA does not contemplate piecemeal or successive filings of post-judgment collateral challenges.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). This statute "is an allocation of subject matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id*.

With a prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be

summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:04-cr-0201-LJM-KPF-01.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. §2253(c), the Court finds that Ingram has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/01/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Ingram
No. 07714-028
USP Coleman-2
Inmate Mail/Parcels
P. O. Box 1034
Coleman, FL 33521

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.